IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jenny Heckman,                                                    Case No. 3:23-cv-02176

          Plaintiff,

      v.

Edison Communications LLC, *et al.*,           **ORDER**

          Defendants.

Plaintiff brought this retaliation case under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

Plaintiff used to work for Defendant Edison Communications LLC. Defendant John Taylor was her supervisor.

Pending is Plaintiff's motion for leave to file an amended complaint. (Doc. 18). Defendants oppose the motion (Doc. 20), and Plaintiff filed a reply (Doc. 21).

For the following reasons, I grant the motion.

## Background

Plaintiff worked at Edison and reported to John Taylor. (Doc. 1, PgID. 3). On August 24, 2023, Plaintiff texted Taylor and asked him, "How come I have 23 minutes off of my hours? I worked every minute." (*Id*.). After some back-and-forth, Taylor texted, "[M]aybe you should hand me your resignation." (*Id*. at PgID. 4).

Plaintiff responded to Taylor, telling him that deducting worked hours "is illegal." (*Id*.). Taylor texted back, "Would you like to pursue a lawsuit?" (*Id*.).

Ultimately, Taylor did not credit Plaintiff for the 23 minutes. (*Id*.).

Taylor, on behalf of Edison, fired Plaintiff at some point after this text conversation. (*Id*. at PgID. 5). Plaintiff alleges that Defendants terminated her "in direct response" to this text discussion. (*Id*.).

In her complaint, Plaintiff alleges that she was making a complaint regarding an employer's pay practices, which is a "protected activity" under the FLSA. (*Id*.).

On November 7, 2023, Plaintiff sued Defendants for retaliation under the FLSA and under Ohio Rev. Code § 4111.13(B). (*Id*. at PgID. 5–6). On December 14, 2023, Defendants filed an Answer. (Doc. 6).

Six months later, on June 18, 2024, Defendants filed a counterclaim. (Doc. 14).

In their counterclaim, Defendants allege Plaintiff is liable for defamation/libel, false light, and that Defendants are entitled to injunctive relief. (Doc. 14, PgID. 66–69). Defendants' counterclaims arise out of a *pro se* January 3, 2024 filing that Plaintiff made in the Erie County, Ohio Court of Common Pleas.

The Erie County case is a separate proceeding from this case. It regards Plaintiff's divorce and child custody dispute with her ex-husband. (*See* Doc. 18, PgID. 87).

There, Plaintiff wrote in a *pro se* "Notice to the Court" that she sought to move from Erie County, Ohio to Lucas County, Ohio for work. (Doc. 14-1, PgID. 70). She explained her reasons for moving, in relevant part:

> I recently found a job in the Lucas County area because I was having a challenging time finding an employer in my surrounding area in need of someone with my skill set. For the last four months, I applied to job openings in Cleveland, Mansfield, Sandusky, Norwalk, and Bellevue, with no luck. I have records of every job opening for which I applied. I was wrongly terminated from my previous employer, located in Milan, as soon as I became aware of the owner stealing money from the employees. I have a wrongful termination lawsuit on my previous employer and it is currently making its way through the court system.

(*Id*. at PgID. 70).

2

Defendants deny that they have "ever stolen any money from any employees." (Doc. 14, PgID. 66).

Plaintiff filed a response to Defendants' counterclaim on July 9, 2024. (Doc. 17, PgID. 76). In it, she admits making the above statement to the Erie County court but denies the remaining allegations. (*Id*.).

That same day, Plaintiff filed the present motion for leave to amend her complaint. (Doc. 18). In it, she argues that "Defendants' counterclaim impermissibly arises from a threadbare desire by Defendants to further retaliate against Plaintiff for her engagement in protected activity. As such, Plaintiff seeks leave to file her First Amended Complaint to assert an additional count of retaliation arising from Defendants' counterclaim." (*Id*.).

For the reasons I explain below, I agree with Plaintiff and grant her motion for leave to amend.

## Legal Standard

Under Federal Rule of Civil Procedure 15, a plaintiff may amend a complaint as a matter of course, with the opposing party's written consent, or with the district court's leave to do so. *See* Fed. R. Civ. P. 15(a)(1)–(2). The third circumstance is applicable here. (*See generally*, Doc. 18). Rule 15(a)(2) instructs that I "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, a motion to amend "may be denied for futility if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams County Regional Water Dist*., 409 F. 3d 758, 767 (6th Cir. 2005).

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I decide whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short

and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). This statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

## Discussion

Plaintiff argues that Defendants' counterclaim creates the basis for her additional retaliation claim. She asserts that, but for her engagement in a protected activity, Defendants would not have brought defamation claims against her in their counterclaim. (Doc. 18).

She also contends that, were I to permit her to add her claim, Defendants would not be unfairly prejudiced. She states that this is particularly so because her claim does not broaden the scope of discovery, which is not yet complete. (*Id*. at PgID. 88–89).

Defendants argue the merits of their counterclaim as a reason to deny Plaintiff leave to file her proposed amended claim. (Doc. 20, PgID. 108–10). They argue that Plaintiff cannot maintain her proposed amendment because it is based on the false premise that Defendants' counterclaim fails as a matter of law. (*Id*.).

They explain that first, Plaintiffs' Erie County court statement is public, which is an element of their counterclaim. They note that, while online access to domestic case files is restricted, the document is still publicly available to any person who walks into the Erie County courthouse, sits at a designated computer terminal there, and pulls up and/or prints the documents. (*Id*. at PgID. 109).

4

Second, they explain that, under Ohio defamation law, it does not matter that Plaintiff did not specifically name Defendants in her *pro se* statement because, based on Plaintiff's description, Defendants are easily identifiable through a simple Google search. (*Id*. at PgID.109–10).

Thus, Defendants argue, they did not bring their counterclaim in bad faith, nor was it meritless, and therefore, Plaintiff's proposed claim lacks merit. (*Id*. at PgID. 110).

I need not conduct as rigorous of an analysis of the merits as Defendants urge me to. To do so would potentially convert my analysis to one for summary judgment. At this stage, I need only evaluate Plaintiff's proposed amendment under Rule 15. In other words, I need not look outside the pleadings and proposed amendment to determine whether it states a claim for which relief may be granted under Rule 12(b)(6).

In short, for the purposes of this Opinion, I need only consider whether Plaintiff has plausibly alleged that Defendants' counterclaim violates the antiretaliation provision of the FLSA. Plaintiff has done so.

In *Burlington Northern and Santa Fe Ry Co. v. White*, 548 U.S. 53, 68 (2006) the Supreme Court held that, to state a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." 548 U.S. 53, 68 (2006). In this context, materially adverse "means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id*. (internal citation omitted).

"Material adversity," the Court held, is more than "petty slights or minor annoyances that often take place at work and that all employees experience." *Id*. Instead, the statute prohibits employers from taking "actions that are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers." *Id*. (internal citations omitted).

This standard is objective, not subjective. *Id*. at 68–69.

5

Here, Plaintiff alleges that Defendants' counterclaim "impermissibly arises from a threadbare desire by Defendants to further retaliate against Plaintiff for her engagement in protected activity." (Doc. 18, PgID. 87–88).

There are no Sixth Circuit cases with similar facts. However, Plaintiff cites to two district court cases from within the circuit where the court found, in short, that a counterclaim can support a retaliation claim. *See Young v. I Love This Bar LLC*, No. 20-cv-3971, 2021 WL 2946405 (S.D. Ohio July 13, 2021); *see also*, *Viera v. Gen. Auto. Ins. Servs. & Permanent Assur. Corp.*, No. 19-cv-00901, 2021 WL 396687 (M.D. Tenn. Feb. 4, 2021). This can occur where the Defendant brings a counterclaim with retaliatory motive or with the design to deter a plaintiff from seeking legal redress.

In *Young*, the plaintiff was a bartender at the defendants' bar. *Young*, *supra*, 2021 WL 2946405 at *1. She alleged a FLSA claim against the defendants, arguing that they failed to pay their servers and bartenders for overtime or minimum wage. *Id*. The defendants filed a counterclaim, alleging that the plaintiff stole cash from the register and that the defendants fired the plaintiff for that reason. *Id*.

The plaintiff moved to amend her complaint to add a count for, *inter alia*, retaliation under federal and state law. *Id*. She argued that the counterclaim was meritless and intended to deter her or others from bringing FLSA claims. *Id*.

The *Young* district court permitted the plaintiff to amend her complaint. It found that the plaintiff plausibly alleged that the defendants brought their counterclaim in retaliation. *Id*. at *2.

In *Viera*, the plaintiff, an African American woman, emailed her employer, the defendants, informing them of specific work-related incidents that she believed were discriminatory. *Viera*,

6

*supra*, 19-cv-00901 at *1. Her email also asserted that she feared retaliation by reporting the incidents. *Id*.

Though the plaintiff had always received positive performance reviews before she sent that email, she received negative reviews afterwards. *Id*. The defendants fired the plaintiff thereafter. *Id*. at *2. The plaintiff sued the defendants for, *inter alia*, retaliation.

After service of the complaint, the defendants' counsel emailed the plaintiff's counsel and indicated that they intended to file counterclaims for criminal impersonation unless the plaintiff agreed to dismiss the lawsuit. *Id*.

The plaintiff believed that to be a threat and retaliatory for filing her complaint. *Id*. She sought to amend her complaint to add a retaliation claim. *Id*.

The *Viera* court agreed with the plaintiff and permitted the amendment. It held,

> Regarding futility, first, the Court agrees with the significant weight of authority holding that a counterclaim filed in ongoing litigation can serve as an adverse action to support a retaliation claim, many of which rely on the Supreme Court's decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L.Ed.2d 345 (2006), and many of which include claims under the FLSA.

*Id*. at *7 (quoting *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 975 (D. Or. 2018) (collecting cases)).

And, in the end, the *Viera* court found that the plaintiff had "plausibly alleged facts that allow her to survive a motion to dismiss on her retaliation claim, as she has alleged facts that show that there is a reasonable expectation that discovery will provide proof of her claims." *Id*. at *13.

I agree with the conclusions of *Young* and *Viera,* namely, that a counterclaim can be the basis for a retaliation claim. I find the conclusions of these cases to be consistent with the Supreme Court's decision in *Burlington*.

Plaintiff has plausibly alleged that Defendants' counterclaim, which alleges that Plaintiff defamed Defendants in her *pro se* filings in her unrelated state-court family law case, could deter a reasonable claimant from engaging in protected activity under the FLSA.

In coming to this conclusion, I am not deciding the merits of either party's claims.

I simply find that, under the liberal standard set forth in Rule 15, Plaintiff's proposed amendment states a claim that could survive a Rule 12(b)(6) motion.

Next, Defendants argue that Plaintiff's request to amend is past the time allowable under the Federal Rules of Civil Procedure. (*Id*. at PgID. 110).

As I have discussed, Rule 15 allows me to freely grant leave to amend when justice so requires, regardless of timing. For the reasons I have discussed, Plaintiff has shown that here, justice so requires.

Finally, I note that Plaintiff's proposed additional claim does not expand the scope of the case. It merely encompasses the scope that Defendants broadened the case to include when they filed their counterclaim. Thus, adding the claim does not unfairly prejudice the Defendants.

Therefore, I grant Plaintiff's motion to amend her complaint to add an additional retaliation claim against Defendants.

## Conclusion

It is, therefore, ORDERED THAT:

Plaintiff's motion to amend the complaint (Doc. 18) be, and the same hereby is, granted.

SO ORDERED.

*/s/James G. Carr*
Sr. U.S. District Judge

**DATE: 10/4/2024**

8